IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-16-BO

| | | |
|---|---|---|
| JOHN F. ROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motions for entry of default [DE 20, 21] and defendants' motion to dismiss [DE 24]. The motions have been fully briefed and are ripe for disposition. For the reasons that follow, defendants' motion to dismiss [DE 24] is GRANTED and plaintiff's motions for entry of default [DE 20, 21] are DENIED AS MOOT.

BACKGROUND

Plaintiff is a former employee of the U.S. Postal Service. Plaintiff is now retired, but during the time period relevant to this action, he was a USPS Window Distribution Clerk at the Emporia Post Office on 109 South Main Street in Emporia, Virginia. In July 2017, the U.S. Postal Service hired a contractor to replace old vestibule doors at the Emporia Post Office. In order to install new doors, however, the old steel door frames needed to be removed. When the contractor began cutting the door frames, the office "filled with metal dusts and fumes." [DE 12, p. 2]. Plaintiff complained to his supervisor on July 6, 2017 that the "dusts and fumes" were making him sick, but the supervisor allegedly ignored his complaints and allowed the cutting to continue. Plaintiff complained again the following day, July 7, and then again on July 8. On July 10, plaintiff informed his supervisor that he was going to see a doctor, and did so on that day. He then left for

a vacation on July 12, and alleges that he was sick for at least seven days during his vacation. Plaintiff returned to work on July 27 and reported experiencing a metal taste in his mouth; he again informed his supervisor that he was leaving the post office to visit a doctor.

The following day, July 28, plaintiff filed a claim for Occupational Disease with the U.S. Department of Labor Office of Workers' Comp Programs (OWCP). [DE 25-1]. Plaintiff claimed that he had sustained an injury or medical condition "as a result of [his] employment as a Window Distribution Clerk with the US Postal Service in Emporia, Virginia." *Id.* OWCP denied plaintiff's claim on September 25, 2017. Plaintiff requested reconsideration and, upon review of plaintiff's additional documentation, vacated the September 2017 denial and accepted plaintiff's claim. [DE 25-1, p. 5].

In October 2017, plaintiff presented an administrative tort claim under the Federal Tort Claims Act (FTCA) to the U.S. Postal Service for $40 million. [DE 25-2]. The U.S. Postal Service denied plaintiff's claim, finding that the FTCA claim was barred under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*, which was applicable to plaintiff's claim given that plaintiff was acting within the scope of his employment as a U.S. Postal Service employee at all times relevant to the incident. [DE 25-3]. The claims examiner explained that "FECA provisions clearly state that the benefits afforded under that statute are exclusive, therefore, a claim for injury arising out of federal employment may not be asserted on any other basis." *Id.* The examiner further stated that "an investigation failed to reveal evidence of any negligent or wrongful act or omission on the part of any Postal employee." *Id.*

In May 2018, plaintiff filed the instant action against the U.S. Postal Service and the United States of America. Plaintiff seeks $30 million in damages and requests that "disciplinary action [be] taken against all responsible employees." [DE 12, p. 3]. Plaintiff served the U.S. Postal

2

Service and U.S. Attorney General in December 2018, and served the U.S. Attorney for the Eastern District of North Carolina on January 7, 2019. [DE 14, 15, 23-1]. On March 8, 2019, the Court extended defendants' time in which to respond to plaintiff's amended complaint to March 22, 2019. [DE 19]. On March 12, plaintiff moved for entry of default against both defendants, arguing that neither had timely responded to his amended complaint. [DE 20, 21]. On March 22, defendants moved to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [DE 24]. Plaintiff has responded in opposition. [DE 28].

DISCUSSION

At the outset, plaintiff's motions for entry of default are denied as moot. Defendants were not properly served under Rule 4(i) until the U.S. Attorney for the Eastern District of North Carolina was served via certified mail on January 7, 2019. Fed. R. Civ. P. 4(i). Defendants, as the United States and one of its agencies, had 60 days to respond to plaintiff's amended complaint following service. Fed. R. Civ. P. 12(a)(2). But the Court extended defendants' time to file a response from March 8 to March 22. Plaintiff filed his motions for entry of default on March 12, prior to the expiration of defendants' time to file a responsive pleading. As such, those motions were premature, and must be denied as moot.

Defendants have moved to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th

3

Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendants have also moved to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff's amended complaint must be dismissed because this Court lacks subject-matter jurisdiction over plaintiff's claims. Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). But FECA provides a limited waiver of sovereign immunity. FECA is the workers' compensation program for federal employees. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983). FECA is a federal employee's exclusive remedy against the United States for workplace injuries. *See* 5 U.S.C. § 8116. "In enacting this provision,

Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft*, 460 U.S. at 194; *see also Borneman v. United States*, 213 F.3d 819, 829 n.3 (4th Cir. 2000). A federal employee may therefore pursue a claim under FECA for an on-the-job injury, but may not sue the federal government for that injury.

Plaintiff's amended complaint is barred by FECA. U.S Postal Service employees are federal employees for the purposes of FECA. *See* 39 U.S.C. § 1005(c) ("Officers and employees of the Postal Service shall be covered by subchapter I of chapter 81 of title 5, relating to compensation for work injuries."). For a federal employee to state a claim against the federal government outside of FECA, the employee must demonstrate that the relevant injury was not sustained while the employee was performing his or her duties as a federal employee. *Wallace v. United States*, 669 F.2d 947, 952 (4th Cir. 1982). Here, plaintiff alleges that he sustained his illness at the Emporia Post Office, while he was fulfilling his duties as a Window Distribution Clerk. As such, FECA is plaintiff's exclusive remedy—and, indeed, plaintiff successfully obtained benefits under FECA, as administered by the Department of Labor's OWCP program. Because FECA is plaintiff's exclusive remedy, the federal government retains its sovereign immunity in this action, depriving the Court of jurisdiction.

This Court lacks subject-matter jurisdiction over plaintiff's amended complaint and it must be dismissed. Given the lack of subject-matter jurisdiction, there is no need for the Court to consider whether plaintiff has stated a claim upon which relief can be granted under Rule 12(b)(6). Defendants' motion to dismiss is granted and plaintiff's amended complaint is dismissed.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 24] is GRANTED and plaintiff's motions for entry of default [DE 20, 21] are DENIED AS MOOT. Accordingly, this action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 23 day of April, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE